**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JOSHUA KLOMP,

        Defendant - Appellant.

No. 23-592
D.C. No.
2:22-cr-00209-DAD-1

MEMORANDUM[*]

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JOSHUA KLOMP,

        Defendant - Appellant.

No. 23-2227
D.C. No.
2:22-cr-00209-DAD-1

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 26, 2024[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Joshua Klomp was convicted of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Klomp to ten years in prison followed by twenty-five years of supervised release. Klomp appeals this judgment, arguing that the district court erred by imposing a condition of supervised release that would permit U.S. Probation to use polygraph examinations to investigate his compliance with certain financial conditions of supervised release. Klomp also argues that the district court erred by ordering him to pay $5,000 in restitution to cover the costs of a victim's future counseling and medical expenses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We affirm the district court's imposition of conditions of supervised release permitting U.S. Probation to require Klomp to undergo polygraph testing. "We review the district court's decision to impose conditions of supervised release for abuse of discretion." *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008) (citation omitted), *cert. denied*, 555 U.S. 1123 (2009).

Klomp challenges two conditions of release as "overbroad" under 18 U.S.C. § 3583(d)(1). First, Klomp challenges a condition requiring him generally to submit to "periodic polygraph testing" to ensure that he is "in compliance with the

2

requirements of [his] supervision or treatment program." But the imposition of a general polygraph testing condition as part of a supervised release order is not "overbroad." *United States v. Cope*, 527 F.3d 944, 956 (9th Cir. 2008). Klomp also challenges a condition requiring him to participate in a sex offender treatment program which may include polygraph examination. But, if the general polygraph condition in *Cope* was not "overbroad," then the more specific polygraph condition linked to Klomp's participation in a "sex offender treatment program" cannot possibly be "overbroad," either. *See id.* These conditions will help protect the public from Klomp, who has shown a propensity repeatedly to commit crimes against children. *See* 18 U.S.C. § 3583(d)(1); 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D). The district court did not err in imposing the challenged special conditions.

2. We affirm the district court's award of $5,000 in restitution to one of Klomp's victims. "We review de novo the legality of a restitution order and, if the order is within the statutory bounds, we review the amount of restitution for abuse of discretion. We review for clear error factual findings supporting an order of restitution." *United States v. Galan*, 804 F.3d 1287, 1289 (9th 2015) (citation omitted).

Klomp argues that the district court's award of $5,000 in restitution to one of his victims exceeded the scope of 18 U.S.C. § 2259, which requires convicted

3

criminal defendants to pay restitution for the "full amount of [a] victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." Klomp argues that the victim's previous nonuse of psychological services and psychiatric medication should have precluded the district court from determining that the victim "incurred" substantial costs for such services. But a victim may "incur" costs even "before she actually disburses any funds" and "[t]he language of the relevant statutes shows that Congress intended to allow district courts to include future counseling expenses in the amount of restitution under section 2259." *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999). The district court did not err in awarding restitution for Klomp's victim's future medical costs.

Klomp next argues that the court erred in awarding costs for psychiatric medication in reliance on the written statement of Dr. Green, who is a psychologist but not a psychiatrist, and whose testimony was hearsay. But the district court was not constrained by the Federal Rules of Evidence in using evidence to craft a restitution award, and it needed only to "estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty." *See United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007), *cert. denied*, 552 U.S. 964 (2007). We conclude that Dr. Green's opinion furnished sufficient "facts in the record"

4

supporting a reasonable "estimate" of Klomp's victim's losses. *See id.* The district court did not err in relying on Dr. Green's statement to craft Klomp's victim's restitution award.

For these reasons, we **AFFIRM** the judgement of the district court.